S. H. BERCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROSE BERCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64746, 64747. Promulgated January 29, 1937.

*Robert P. Smith, Esq.,* and *Arthur H. Deibert, Esq.,* for petitioners.
*Elden McFarland, Esq.,* and *John F. Greaney, Esq.,* for the respondent.

388

OPINION.

ARUNDELL: The question for decision is whether the profit realized on the sale of Western Dairy stock in July 1927 was capital gain or ordinary income. Berch actually held the Western Dairy stock less than two years. Whether any period can be added to the period of actual holding of that stock depends upon whether or not it was acquired under circumstances prescribed by section 208 (a) (8) of the Revenue Act of 1926, set out in the margin.[1]  Stated

---

[1] SEC. 208. (a) For the purposes of this title—

(1) The term "capital gain" means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

\* \* \* \* \* \* \*

(8) The term "capital assets" means property held by the taxpayer for more than two years (whether or not connected with his trade or business) \* \* \*.  In determining the period for which the taxpayer has held property received on an exchange there shall be included the period for which he held the property exchanged, if under the provisions of section 204 the property received has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as the property exchanged.  In determining the period for which the taxpayer has held property however acquired there shall be included the period for which such property was held by any other person, if under the provisions of section 204 such property has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as it would have in the hands of such other person.  In determining the period for which the taxpayer has held stock or securities received upon a distribution where no gain is recognized to the distributee under the provisions of subdivision (c) of section 203 of this Act or of the Revenue Act of 1924, there shall be included the period for which he held the stock or securities in the distributing corporation prior to the receipt of the stock or securities upon such distribution.

broadly, that section provides that the period during which a taxpayer has held stock or securities received on a nontaxable exchange or upon a nontaxable distribution may include the period in which he held the property exchanged therefor or the stock in the distributing corporation. In more detail, it provides that in computing time for capital gain purposes a taxpayer may add to the period that he actually held particular property (a) the period of holding property exchanged therefor if the exchange was such that the property takes the same basis as that exchanged therefor, (b) the period of holding the particular property by some other person if it has the same basis in the taxpayer's hands as in the hands of the other person, and (c) the period of holding the particular property by a corporate owner if the taxpayer received it as a nontaxable dividend under section 203 (c). The provisions that we have referred to under (b) may be read out of the case at the outset, inasmuch as there was no prior holding of Berch's Western Dairy stock by another person.

First, then, is the question of whether Berch acquired the Western Dairy stock in such an exchange that it took the same basis as the property exchanged therefor. The petitioners say that Berch acquired the Western Dairy stock in a nontaxable exchange under the reorganization provisions (section 203 (b) (2)), hence, it took the same basis as his stock in the Berch Ice Cream Co. under section 204 (a) (6), and that consequently the time that he held the stock of the Berch Ice Cream Co. (1922 to 1925) should be added to the time of holding the Western Dairy stock. They contend that the Berch Ice Cream Co., the Velvet and Seattle companies, Spencer Trask & Co., and Western Dairy were all parties to the reorganization.

The respondent assumes, and we agree, that the exchange by Berch and Spencer Trask & Co. of all the stock of the Velvet and Seattle companies for stock of Western Dairy was a nontaxable exchange that came within section 203 (b) (2) as an exchange of stock in a corporate party to a reorganization for stock in another corporate party. It came within the definition section as the acquisition by one corporation of at least a majority of all classes of stock of another corporation. Sec. 203 (h) (1). That exchange took place on October 8, 1925, less than two years from the time of sale of Western Dairy stock. By reason of the transaction being nontaxable and the Western Dairy stock having the same basis in Berch's hands as the stock of the Velvet and Seattle companies, it is proper to go back to the time of Berch's acquisition of the stocks of the Velvet and Seattle companies in computing the time of holding. That acquisition occurred on August 5, 1925, when the Crystal Investment Co. and the Berch Ice Cream Co. were ordered dissolved, and their assets distributed to their stockholders.

The next step is to determine whether any period prior to August 5, 1925, should be added on. This depends, under the first part of section 208 (a) (8), on whether there was a nontaxable reorganization to which the Berch Ice Cream Co. was a party, and under the last part of that section on whether the distribution whereby Berch acquired the Velvet and Seattle stocks was a nontaxable distribution.

We are of the opinion that the Berch Ice Cream Co. was not a party to a reorganization under the statutory provisions here involved. The original plan conceived by Spencer Trask & Co. was to obtain control of the Velvet and Seattle companies by purchase. Berch and his associates orally agreed to sell their interests for cash. The written option of August 3, to which the Berch Ice Cream Co. was a party, was an option to sell for cash. Berch, individually, agreed to take stock of the new company. Even under his individual agreement the transaction was in substance a purchase for cash and the use of part of the cash to buy stock of the new company. The parties have stipulated that Spencer Trask & Co. deposited the full $1,250,000 which is referred to in the basic document—the option— as the "purchase price." It was not contemplated that the Berch Ice Cream Co. would acquire any of the stock of the new corporation. It or its stockholders were, under the agreement, to receive cash. Nor was it intended that the new corporation would acquire the stock or assets of the Berch Ice Cream Co. It is stipulated that the only asset of the Berch Ice Cream Co. was its stock in the Crystal Investment Co. That stock did not enter into the transaction in any way. Thus the Berch Ice Cream Co. was not in any way a party to the reorganization effected between the Velvet and Seattle companies and the Western Dairy Products Co. Consequently, the period that Berch held the stock of the Berch Ice Cream Co. can not be added in under the part of section 208 (a) (8) which refers to exchanges coming within section 204.

We are further of the opinion that the case does not come within the last provision of section 208 (a) (8), which allows the tacking of periods where the property exchanged is "securities received upon a distribution where no gain is recognized to the distributee under the provisions of subdivision (c) of section 203." We quote section 203 (c):

(c) If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized.

We have pointed out above that there was no plan of reorganization in this case to which the Berch Ice Cream Co. was a party. The

plan to which it was a party was strictly a plan to sell as distinguished from one to reorganize. The general rule of the statute is to treat as taxable income gains realized by stockholders on corporate liquidations, and only those transactions coming squarely within the exception may escape tax. *Swiss Oil Corporation*, 32 B. T. A. 777, 783. The petitioners seem to think that the dissolution and liquidation of the Berch Ice Cream Co. were by inference necessary steps in the plan for the absorption of the Velvet and Seattle companies by Western Dairy because of an agreement by Berch and his associates not to engage in the manufacturing or wholesaling of ice cream or to be officers or stockholders in or otherwise associated with a corporation engaged primarily in such manufacturing or wholesaling. They do not, however, give any reasons why this covenant could not be observed in other ways than by dissolution and liquidation.

For the foregoing reasons we hold that the petitioners have not brought themselves within provisions of section 208 (a) (8) and they may not add to the period beginning August 5, 1925, any of the prior period in which Berch held the stock of the Berch Ice Cream Co. The period from August 5, 1925, to July 1927, being less than two years, the gain realized was ordinary income and properly so treated by the respondent.

There is no issue as to the division of the income on a community property basis.

Reviewed by the Board.

*Decision will be entered for the respondent.*